T.C. Summary Opinion 2002-72

UNITED STATES TAX COURT

THELDON AND MARY PARRETT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11502-01S.                    Filed June 12, 2002.

Mary Parrett, pro se.

<u>Douglas S. Polsky</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $5,561 and $5,818 in petitioners' Federal income taxes, respectively, for 1998 and 1999 and corresponding penalties under section 6662(a) in the amounts of $1,112 and $1,164.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Jemez Pueblo, New Mexico.

For each of the years in question, petitioners claimed itemized deductions on a Schedule A, Itemized Deductions, of their Federal income tax return. For 1998, petitioners claimed itemized deductions totaling $28,346, of which $19,861 was disallowed by respondent. For 1999, petitioners deducted $28,263, of which $20,757 was disallowed by respondent. Petitioners, nevertheless, were allowed itemized deductions for both years, since the total of their other claimed and allowed deductions exceeded the standard deduction under section 63(c). For the 2 years at issue, the disallowed deductions consisted of charitable contributions, job expenses, and other miscellaneous deductions.

The issues for decision are: (1) Whether petitioners are entitled to the disallowed itemized deductions for charitable contributions, job expenses, and other miscellaneous deductions, and (2) whether petitioners are liable for the penalties under

section 6662(a).  In addition, the Court considers the applicability of section 6673(a) to the facts of this case.

Petitioners were both employed during the 2 years in question.  Mr. Parrett was a construction supervisor, and Mrs. Parrett was a floor supervisor and a dealer at a casino.  They reported combined wages of $88,220 and $82,787, respectively, for 1998 and 1999.

Prior to the years at issue, petitioners either prepared their Federal income tax returns themselves or had them prepared by a friend.  For the 2 years in question, however, petitioners' returns were prepared by Robin Beltran.  The record does not reflect the circumstances surrounding their employment of Mr. Beltran.[2]  Mr. Beltran prepared petitioners' returns for 3 years, 1998, 1999, and 2000.  For the initial year, 1998, petitioners presented to Mr. Beltran the same type documentation petitioners maintained for the years in which petitioners prepared their own returns.  That documentation appeared to be for charitable contributions but not for the miscellaneous deductions at issue. Mr. Beltran advised petitioners that such records were not necessary and could be disregarded because, irrespective of

---

[2]     The Court notes that this case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran, which essentially involve the same deductions at issue here.

records, a taxpayer, under the law, was "allowed" deductions for such expenses pursuant to a "formula".

The disallowed deductions consisted of the following:

|  | 1998 | 1999 |
|---|---|---|
| Charitable contributions | $ 7,159 | $ 6,725 |
| Unreimbursed employee expenses (before the sec. 67(a) limitation) | 14,472 | 15,701 |

Petitioners acknowledged at trial that their actual charitable contributions were considerably less than the amounts claimed on their returns. Mrs. Parrett estimated that petitioners actually contributed to charity approximately 33 percent of the amount claimed on their 1998 return and approximately 24 percent of the amount claimed on their 1999 return.

The unreimbursed employee expenses shown above represented the commuting expenses of petitioners to and from their residence with respect to their respective places of employment. Mr. Beltran advised petitioners that such expenses were deductible, even though it appears that petitioners had never previously claimed such expenses as deductions on their returns for prior years.

With respect to the first issue regarding petitioners' entitlement to deductions for charitable contributions and

unreimbursed employee business expenses, the Court notes that commuting expenses incurred by a taxpayer to and from the taxpayer's place of employment are personal expenses and are not deductible. Sec. 262; Commissioner v. Flowers, 326 U.S. 465 (1946). Petitioners presented no argument and cited no authority to the contrary. Petitioners contended at trial that they had incurred expenses for tax preparation and for special clothing required by Mrs. Parrett in her employment. The Court holds that, to the extent any expenses of this nature were incurred, the amounts would not exceed 2 percent of petitioners' adjusted gross income each year, and, therefore, under section 67(a), petitioners are not entitled to deductions for those items.

With respect to charitable contributions, petitioners produced no documentary evidence to substantiate their contributions for the 2 years at issue. Petitioners testified that their records were destroyed in the flooding of their home. Even though their records were destroyed, petitioners made no attempt to reconstruct evidence of their contributions for the 2 years in question. However, it appears to the Court that petitioners did make qualifying charitable contributions during the years at issue and, therefore, under the Court's discretionary authority pursuant to Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), allows petitioners charitable contribution deductions of $300 for each year at issue.

The second issue is whether petitioners should be held liable for the section 6662(a) penalties.  Petitioners contend they should be absolved of liability for such penalties because they relied on the representations of their return preparer, Mr. Beltran.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations.  Sec. 6662(a) and (b)(1).  Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and disregard consists of any careless, reckless, or intentional disregard.  Sec. 6662(c).  The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances.  Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989).  Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances".  An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with

respect to the underpayment.  Sec. 6664(c).  Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances.  The most important factor is the extent of the taxpayer's effort to assess the proper tax liability.  Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.  Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Moreover, a taxpayer is generally charged with knowledge of the law.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).  Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it.  Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional. Sec. 1.6664-4(b)(1), Income Tax Regs.; see sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  Reliance on a professional adviser, standing alone, is not an absolute defense

to negligence; it is only one factor to be considered. In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter. Freytag v. Commissioner, supra at 888.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer. They did not examine the returns prepared by Mr. Beltran, except perhaps to ascertain the amount of the refunds they would receive. The record does not show that petitioners looked beyond that. The Court is satisfied that petitioners knew that they could only claim deductions on their returns that could be substantiated, and, even if they did not know that, at the very least, the representations that the deductible amount of such deductions was based on a formula should have prompted them to verify the accuracy of such a representation with a qualified preparer. Moreover, the amounts claimed for unreimbursed employee expenses were clearly disproportionate to petitioners' wages, which also merited further inquiry. These facts demonstrate to the Court that petitioners made no reasonable effort to ascertain their correct tax liability for the years at issue. Stubblefield v. Commissioner, supra. Additionally, when petitioners were contacted by respondent with respect to their returns,

petitioners referred all correspondence to Mr. Beltran, who had promised to "take care" of the problem, which he failed to do. On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalties for the 2 years at issue.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless. The Court considers petitioners' claim that they should not be liable for the deficiencies and penalties to be frivolous and groundless. Petitioners knew, or should have known, that a substantial portion of the itemized deductions at issue was false and could not be sustained. Other circumstances noted above need not be repeated here.

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes. Any reasonable and prudent person, under the facts presented to the Court, should have known that the claimed deductions could not have been sustained, and the Court is satisfied that petitioners knew that. We do not and should not countenance the use of this Court as a vehicle for a disgruntled litigant to proclaim the wrongdoing of another, his return preparer, as a basis for relief from a penalty that was determined by respondent on facts that clearly

are not sustainable.  Golub v. Commissioner, T.C. Memo. 1999-288. Petitioners, therefore, have interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider.  Petitioners have caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel. Under these circumstances, the penalty under section 6673 is warranted, and petitioners will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.